## IN THE UNITED STATES DISTRICT COURT
## FOR THE NOTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT L. JANEGA, Individually, and as Administrator of the ESTATE OF JOHN R. JANEGA, Deceased, and PAMELA JANEGA,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC., a foreign corporation; SEARS, ROEBUCK AND CO., a corporation; SEARS HOLDING MANAGEMENT CORPORATION, a foreign corporation; TRANSFORM HOLDCO LLC, a Delaware corporation; and TRANSFORM SR BRANDS LLC, a foreign corporation,<br><br>Defendants. | Case No. 1:21-cv-03998 |

### DEFENDANT ELECTROLUX HOME PRODUCTS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant Electrolux Home Products, Inc. ("Electrolux"), through undersigned counsel, hereby timely removes this case from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.[1] As grounds for removal, Electrolux states as follows:

### BACKGROUND

1.     On or about June 16, 2021, Plaintiffs Robert Janega, individually and as Administrator of the Estate of John Janega, and Pamela Janega, filed a Complaint in Cook County

---

[1]By removing this action to this Court, Electrolux does not waive any defenses, objections, or motions available under state or federal law.  Electrolux expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal on grounds of lack of personal jurisdiction, insufficient or improper service, improper venue, or forum *non conveniens*, if appropriate.

Circuit Court, Case No. 2021 L 006219, naming the following five Defendants: (1) Electrolux Home Products, Inc.; (2) Sears, Roebuck & Co.; (3) Sears Holding Management Corporation; (4) Transform Holdco LLC; and (5) Transform Sr Brands LLC. A copy of the Complaint is attached hereto as **Exhibit A**.

2. On June 28, 2021, Electrolux was served with the Complaint through CT Corp., its agent for service of process. A copy of the Service of Process Transmittal is attached hereto as **Exhibit B**.

3. In the Complaint, Plaintiffs allege claims for wrongful death, survival, and property damage arising out of a fire that occurred on August 4/5, 2019. They claim the fire was caused by an allegedly defective clothes dryer designed, manufactured, sold, and installed by Defendants. Plaintiffs allege that the dryer was sold and installed sometime in the Fall of 2008. *See* Compl. ¶¶ 11-17, generally.

4. Plaintiffs allege that Defendants Sears, Roebuck and Co. and Sears Holding Management Corporation (**"Sears Defendants"**) sold the subject dryer in 2008 through a store operating under the name The Great Indoors. Compl., ¶¶ 24-25.

5. On October 15, 2018, the **Sears Defendants** filed voluntary petitions for relief under Chapter 11 of the United States Code, 11 U.S.C. § 101 et seq. ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York, Case No. 18-23537 and Case No. 18-23538, respectively ("Bankruptcy Cases"). The Chapter 11 cases are being jointly administered for procedural purposes before The Honorable Robert D. Drain, United States Bankruptcy Judge, under the caption *In re Sears Holding Corporation*, Case No. 18-23538. On July 26, 2021, the Sears Defendants filed a Notice of Automatic Stay Pursuant to 11 U.S.C. § 362 in the Circuit Court of Cook County. A copy of that Notice, with exhibits, is attached hereto as **Exhibit C.**

6. Plaintiffs further allege that Defendants Transform Holdco LLC and Transform SR Brands LLC (**"Transform Defendants"**) "may be or will become successors in interest" to the **Sears Defendants** through the Chapter 11 bankruptcy reorganization plan. Compl., ¶¶ 30-33.

**GROUNDS FOR REMOVAL**

**I.** **THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)**

7.      As set forth below, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs and Electrolux—the only properly joined defendant—and the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

**A.** **The Properly Joined Parties Are Completely Diverse**

8.      Plaintiffs allege that they are citizens and residents of Chicago, Illinois.  Compl., ¶ 2.  Plaintiffs are therefore citizens of the State of Illinois for purposes of section 1332(c)(1).

9.      Defendant Electrolux is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in North Carolina.

10.      Because Plaintiffs are citizens of Illinois and Electrolux is a citizen of Delaware and North Carolina, complete diversity of citizenship exists between the parties properly joined in this action.

**B.** **The Court Should Disregard The Citizenships Of The Sears Defendants Because Of The Pending Bankruptcy**

11.      The citizenship of a co-defendant who is in bankruptcy cannot be considered by the Court when the remaining non-bankrupt defendant files its notice of removal. *Chilton Private Bank v. Norsec Cook, Inc.*, 99 B.R. 402, 403 (N.D. Ill. 1989) ("As improper joinder of a non-diverse party cannot defeat the right of removal, it follows that a plaintiff should in no way profit from improper joinder of a defendant who, when the complaint was filed, was in bankruptcy"); see  *Brown v. Jevic*, 575 F.3d 322 (3d Cir. 2009) (finding that bankrupt defendant protected by automatic stay was improperly joined and his citizenship could not destroy diversity); *Hicks v. Ford Motor Co.*, Case no. 1:20-cv-1019, 2020 WL 902528 at *1, n. 1 (C.D. Ill. 2020) (citing *Chilton*, *supra*, to find that even if bankrupt defendant were non-diverse, its presence would not defeat diversity).

12.     Plaintiffs here named the bankrupt **Sears Defendants** as defendants over two years after they filed for bankruptcy protection.  Any proceedings here against the **Sears Defendants** are subject to (and would be in violation of) the automatic stay.  Accordingly, the citizenship of the **Sears Defendants** cannot be considered by the Court when determining whether diversity of citizenship exists.

## C.     The Transform Defendants Are Fraudulently Joined And Cannot Defeat Diversity

13.     A plaintiff "may not join an in-state defendant solely for the purpose of defeating federal diversity jurisdiction." *Schwartz v. State Farm Mut. Auto. Ins. Co*., 174 F.3d 875, 878 (7th Cir. 1999). A joinder "is considered fraudulent, and is therefore disregarded, if the out-of-state defendant can show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'" *Id*. (quoting *Poulos v. Naas Foods, Inc*., 959 F.2d 69, 73 (7th Cir. 1992)). In the context of jurisdiction, the term "'fraudulent' is a term of art . . . in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance." *Poulos*, 959 F.2d at 73.

14.     Plaintiffs do not allege that the **Transform Defendants** designed, manufactured, sold, or installed the subject dryer, or otherwise put the subject dryer into the stream of commerce. Plaintiffs' sole theory against the **Transform Defendants** is that they are, or will be, "successors in interest" to the **Sears Defendants** for the liabilities at issue in this case, through some unspecified proceedings in the Sears Bankruptcy.  Compl., ¶¶ 30-33.

15.     According to a recent filing in the Sears Bankruptcy proceeding,[2] however, the **Transform Defendants** assert that the Sale Order (ECF No. 2507) approving the sale of certain Sears' assets to **Transform** expressly and broadly protected the **Transform Defendants** from successor liability claims, including product liability claims such as this one.  *See* Transform SR

---

[2]The docket of the Sears Chapter 11 cases, and additional information regarding the status of the cases, is publicly available via the website maintained by the Debtors' noticing agent at https://restructuring.primeclerk.com/sears/Home-DocketInfo.

Brands LLC's Motion to Enforce Court's Sale Order, filed July 13, 2021 (ECF No. 9647), attached hereto as **Exhibit D**, and relevant portions of the Sale Order (ECF No. 2507), attached hereto as **Exhibit E**.

16.     In their Motion to Enforce, the **Transform Defendants** point to Paragraph M of the Sale Order, entitled "**No Successor or Other Derivative Liability**" and which provides that the **Transform Defendants** will not be subject to "any theory of successor or transferee liability" including "product line, *de facto* merger or substantial continuity" theories.  See **Exhibit E** at 11 of 83.

17.     Based on the foregoing, Plaintiffs have no reasonable possibility of success on their claims that the **Transform Defendants** assumed any of Sears' liabilities in the subject Asset Purchase Agreement, and therefore, there is no possibility that a cause of action exists against the **Transform Defendants**.  Thus, even if one of the **Transform Defendants**[3] is a citizen of Illinois, it must be ignored for purposes of determining diversity because their joinder is fraudulent.

18.     Accordingly, because the **Transform Defendants** are fraudulently joined, there is complete diversity between the properly joined parties.

## II.     THE IMPROPERLY JOINED DEFENDANTS DO NOT NEED TO CONSENT TO REMOVAL

19.     The **Sears Defendants** and **Transform Defendants** are not proper parties to this suit, and therefore their consent to this removal is unnecessary. See *Gross v. FCA US LLC*, No. 17 C 4889, 2017 WL 6065234, at *5 (N.D. Ill. Dec. 7, 2017) ("Consent for removal under Section 1446(b)(2)(A) is not required from fraudulently joined defendants"); see also *Midland Mgmt. Co. v. Am. Alternative Ins. Corp.*, 132 F. Supp. 3d 1014, 1024 (N.D. Ill. 2015) (same).

---

[3]Electrolux does not currently have information as to the identity of the members of the **Transform Defendants**, and therefore cannot determine if they are citizens of Illinois.  See, e.g. *Thomas v. Guardsmark, LLC,* 487 F.3d 531, 534 (7th Cir. 2007) ("[f]or diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members").  As discussed above, however, because they are fraudulently joined, their citizenship must be disregarded.

### III.     THE AMOUNT IN CONTROVERSY IS SATISFIED

20.     The amount in controversy is also satisfied.  Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs.  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); see *McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("[C]ourts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount.").

21.     Here, Plaintiffs' property damage claim alone seeks in excess of $175,000.00.  *See* Compl, ¶ 19.  Both Plaintiffs individually also seek wrongful death damages, which is likely to exceed the $75,000 threshold.  See, e.g., *Travelers Prop. Cas. Co. of Am. v. RSUI Indem. Co.*, 844 F.Supp.2d 933, 934 (N.D.Ill.2012) (amount in controversy satisfied in single occurrence of food poisoning after E. coli contamination caused wrongful death); *Wozniak v. Wyndham Hotels & Resorts, LLC*, No. 08 CV 1361, 2009 WL 901134, at *1 (N.D. Ill. Mar. 31, 2009) (noting good faith basis to assert amount in controversy exceeds $75,000 based on claim the fact that the case involves a wrongful death claim).

22.     Thus, the alleged damages in this case more than meet the requisite amount for diversity jurisdiction.

### IV.     ELECTROLUX SATISFIED THE OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL

23.     Removal is timely because the removal clock has not even started to run.  "The 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present."  *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013).  Where, as here, the case stated by the initial pleading is not removable," the deadline for removal extends to 30 days after "receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it

may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

24. While Electrolux independently discovered the Motion to Enforce filed by the **Transform Defendants** in the Sears Bankruptcy, it was not served with that Motion and the Court does not consider "what the defendant subjectively knew or should have discovered through independent investigation." *Walker*, 727 F.3d at 825. Thus, the Motion to Enforce did not start the removal clock. Nevertheless, in an abundance of caution and to avoid unnecessary state court proceedings only to end up asserting these same grounds for removal upon formal receipt *in this case* of a Motion to Dismiss or similar state-court motion citing the Sale Order, Electrolux is removing this case now.

25. Removal to this Court is proper because Cook County, Illinois, where the state action is pending, is within the Eastern Division of the Northern District of Illinois. 28 U.S.C. § 1441(a)(1).

26. After filing this Notice of Removal, Electrolux will promptly give written notice of the removal to all adverse parties and file a copy of the notice with the Clerk of the Circuit Court for Cook County, Illinois. 28 U.S.C. § 1446(d).

Respectfully submitted,

**TUCKER ELLIS LLP**

By: _/s/Dina Lupancu _____
One of the Attorneys for Defendant
ELECTROLUX HOME PRODUCTS, INC.

Nathan T. Newman (6322359)
Dina Lupancu (6330057)
TUCKER ELLIS LLP
233 South Wacker Drive, Suite 6950
Chicago, IL 60606
Phone: (312) 624-6300
Fax: (312) 6246309
nathan.newman@tuckerellis.com
dina.lupancu@tuckerellis.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 28, 2021, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system, and a copy of the foregoing was served via U.S. mail, postage prepaid on the following:

MARK V. FERRANTE
LAW OFFICES OF MARK V. FERRANTE
221 North La Salle Street
Suite 1500
Chicago, Illinois 60601
312-578-0303
Facsimile: 312-578-9707
Email: MVF@FerranteLaw.com
Attorney No: 15175

W. GREGORY AIMONETTE
CLAUSEN MILLER, P.C.
10 South LaSalle Street
Chicago, Illinois 60603
312-855-1010
Facsimile: 312-606-7777
Email: waimonette@clausen.com

RAYMOND E. MACK
PATRICK HUGHES
de LUCA LEVINE LLC
Three Valley Square, Suite 220
Blue Bell, Pennsylvania, 19422
215-383-0081
Email: rmack@delucalevine.com

**TUCKER ELLIS LLP**

By: /s/Dina Lupancu
One of the Attorneys for Defendant
ELECTROLUX HOME PRODUCTS, INC.

8

5234244.1