**12-Person Jury**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FILED
6/16/2021 4:38 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
13713922

| | |
|---|---|
| ROBERT L. JANEGA, Individually, and as Administrator of the Estate of John R. Janega, Deceased, and Pamela Janega, <br><br>Plaintiffs, <br><br>vs. <br><br>ELECTROLUX HOME PRODUCTS, INC., a foreign corporation; SEARS, ROEBUCK AND CO., a corporation; SEARS HOLDINGS MANAGEMENT CORPORATION, a foreign corporation; TRANSFORM HOLDCO LLC, a Deleware corporation; and TRANSFORM SR BRANDS LLC, a foreign corporation, <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 2021L006219 |

## COMPLAINT AT LAW

Plaintiffs, Robert L. Janega, Individually, and as Independent Administrator of the Estate of John R. Janega, Deceased, and Pamela Janega, Individually, by their attorneys, Law Offices of Mark V. Ferrante, de Luca Levine LLC, and Clausen Miller, P.C., complaining against the Defendants, Electrolux Home Products, Inc., a foreign corporation; Sears, Roebuck and Co.; Sears Holdings Management Corporation, a foreign corporation; Transform Holdco LLC,, a Deleware corporation; and Transform SR Brands LLC, a foreign corporation, pleading hypothetically and in the alternative, states as follows:

### COUNT I (Negligence-Wrongful Death) v. Electrolux

1.      Plaintiff, Robert L. Janega, is the Independent Administrator of the Estate of John R. Janega, Deceased, having been duly appointed by order the Probate Division Court of the Circuit Cook County, Illinois on November 5, 2020 and brings this cause of action within two years of the death of the decedent and pursuant to Chapter 70, Sections 180/1 and 180/2 of Illinois Compiled Statutes, commonly known as the Wrongful Death Act. (A copy of said Probate Order is attached to

1

this Complaint at Law as Exhibit "A".)

2. On and prior to August 5, 2019, Robert L. Janega and Pamela Janega, were married and jointly owned and lived in a condominium residence located at an address commonly known as 3111 North California Avenue (Unit 1), Chicago, Illinois within Cook County.

3. On and prior to August 5, 2019, John R. Janega was the biological son of Robert L. Janega and Pamela Janega.

4. On and prior to August 5, 2019, John R. Janega resided with his parents Robert L. Janega and Pamela Janega at said condominium residence located at 3111 North California Avenue, Chicago, Illinois.

5. On and prior to August 5, 2019, Rachel E. Janega was biological daughter of Robert L. Janega and Pamela Janega and was the biological sister of John R. Janega.

6. On and prior to August 5, 2019 and at all relevant times, Defendant, Electrolux Home Products, Inc. (hereafter: "Electrolux") was a foreign corporation licensed by the Illinois Secretary of State to conduct business in Illinois.

7. On and prior to August 5, 2019 and at all relevant times, Defendant, Electrolux did conduct business in Illinois.

8. On and prior to August 5, 2019 and at all relevant times, Defendant, Electrolux was in the business of, *inter alia*, manufacturing home appliances, including clothes dryers.

9. On and prior to August 5, 2019, Electrolux placed its clothes dryers in the steam of commerce in the United States, including in Illinois.

10. On and prior to August 5, 2019 and at all relevant times, Defendant Electrolux owed a duty to the public, including the Plaintiff, to design and manufacture its clothes dryers to be reasonably safe during normal operations.

11. Sometime in the fall of 2008, Plaintiff, Robert L. Janega, purchased from a store in

2

FILED DATE: 6/16/2021 4:38 PM 2021L006219

Lombard, Illinois under an assumed name of named The Great Indoors (a store operated by Sears, Roebuck and Co.) an Electrolux clothes dryer for use in his residence.

12. Sometime in the fall of 2008, Plaintiff, Robert L. Janega had the aforesaid Electrolux clothes dryer installed in his aforesaid residence by a professionally qualified technician.

13. On and prior to August 4, 2019, at the time the aforementioned Electrolux clothes dryer was placed in the stream of commerce and purchased by Robert L. Janega, in a defective and unreasonably dangerous condition because:

    a. the subject dryer was designed, manufactured and sold with a heater pan directly behind the drum and in direct proximity to the gas heat source so that lint released by the laundry tumbling in the drum could migrate to and accumulate behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer and become a primary fuel source for an internal dryer cabinet fire;

    b. the subject dryer was designed, manufactured and sold with a combustible plastic air duct directly below the drum and combustible plastic blower housing adjacent to that air duct, which combustible plastic components accumulate combustible lint released by the laundry tumbling in the drum during its intended operation as a clothes dryer;

    c. the subject dryer was designed, manufactured and sold with a design which allowed particles of lint to accumulate and ignite behind the drum and within the heater pan which could travel into and through the drum and thereby ignite the additional lint that has accumulated within the combustible plastic air duct and blower housing and/or the laundry load that has been dried in the drum;

    d. the subject dryer was designed, manufactured and sold in a manner that accumulates lint in areas within the clothes dryer that are not visible to the user unless the clothes dryer cabinet is dismantled and clothes dryer drum is removed;

    e. the subject dryer was designed, manufactured and sold in a manner that accumulates lint in areas within the clothes dryer that are not serviceable by the homeowner;

    f. the subject dryer was designed, manufactured and sold with combustible plastic components within which it was foreseeable that lint would accumulate and ignite;

    g. the subject dryer was designed, manufactured and sold without adequate warning to the user regarding the known danger that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

    h. the subject dryer was designed, manufactured and sold without adequate warnings regarding the known danger that lint can accumulate and ignite in areas behind the

FILED DATE: 6/16/2021 4:38 PM 2021L006219

drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

i. the subject dryer was designed, manufactured and sold without any warning contained on the clothes dryer regarding the known danger that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

j. the subject dryer was designed, manufactured and sold with front drum seals that failed to seal the drum from the surrounding cabinet and thereby promoted the accumulation of lint behind the drum and in the heater pan where it could be ignited by the gas or electric heat source of the subject dryer;

k. the subject dryer was designed, manufactured and sold with combustible plastic components which Electrolux knew, or should have known, could ignite and permit the fire to escape the dryer cabinet;

l. the subject dryer was designed, manufactured and sold with combustible plastic components which Electrolux knew, or should have known, would not prevent the fire from escaping the dryer cabinet if they became ignited;

m. the subject dryer was designed, manufactured and sold without adequate warnings regarding the known danger of the inherent accumulation of combustible lint in areas of the dryer which are not visible to the user and in close proximity to the dryer's gas or electric heat source, in areas which are not serviceable by the user, and pose a fire risk;

14. The aforesaid conditions existed in aforesaid clothes dryer at the time it left the control of the Defendant, Electrolux.

15. On and prior to August 4, 2019, the Defendant, Electrolux knew that its ball-hitch designed clothes dryers were unreasonably dangerous because internal cabinet fires were likely to occur during normal use, when:

a. it was informed of thousands of dryer fires in the United States caused by its ball-hitch, plastic component designed clothes dryers;

b. in 2004, the Japanese government banned Electrolux from distributing its ball-hitch, plastic component designed clothes dryers;

c. it confidentially settled thousands of dryer fires caused by its ball-hitch, plastic component designed clothes dryers, often ordering the destruction of evidence as a term of settlement;

d. it knew that, for its ball-hitch dryers to operate safely, they needed to be

4

FILED DATE: 6/16/2021 4:38 PM 2021L006219

      disassembled and their components cleaned at least every 18 months;

e. since the 1960's, it became aware that its competitors used a reasonably feasible, safer designed dryer called a bulkhead dryer which was using internal air ducts and assemblies made of metal rather than plastic parts, which substantially reduces or eliminates the ability of an internal fire to spread internally and, eventually, escape the confines of the dryer cabinet;

f. in 2002, as a voting member of the Association of Home Appliance Manufacturers, it became aware that all dryers could be built to be capable of containing an internal fire originating in the dryer drum or dryer base;

g. in 2002, it became aware that it could build fire-containing dryers at little or no additional cost, but chose not to incorporate that performance capability until 2013, when a third-party listing agency required the change in order for Electrolux to maintain its listing;

h. in 2007, it was aware of only a handful of allegations of internal lint fires involving bulkhead dryers versus more than 6,000 alleged ball-hitch fires;

i. in 2011, it ceased making ball-hitch dryers in the United States;

j. on or before 2014, it closed its United States plant in which it manufacture its ball-hitch, plastic component dryers, demolished the factory and terminated all but a few of it United States employees directly involved with the ball-hitch dryer's design and construction; and,

k. it knowingly concealed its knowledge of thousands of dryer fires caused by it ball-hitch, plastic component designed dryers by failing to report said fires to the United States Consumer Product Safety Commission as required by the Consumer Product Safety Act.

16. On and prior to August 5, 2019 and at all relevant times, Plaintiffs, Robert L. Janega, Pamela Janega and, John R. Janega (prior to his death) operated, within their aforesaid residence, the aforesaid Electrolux ball-hitch, plastic component designed clothes dryer.

17. On August 4, 2019, John R. Janega operated the aforesaid Electrolux ball-hitch, plastic component designed dryer which ignited lint that accumulated behind the dryer ball-hitch drum and caused fire, heat and smoke to spread outside of the dryer cabinet and into and throughout the aforesaid residence occupied by John R. Janega.

18. Notwithstanding its duties, the Defendant, Electrolux was guilty of the following acts

and/or omissions:

a. designed and distributed its ball-hitch, plastic component clothes dryers which it knew were unreasonably dangerous for normal use because they had a propensity to ignite and spread smoke and fire outside of their dryer cabinets;

b. failed to warn the public and the Plaintiffs that its ball-hitch, plastic component designed clothes dryers were unreasonably safe for normal use because they had a propensity to ignite and spread smoke and fire outside of their dryer cabinets;

c. failed to inform the public and the Plaintiff, that its ball-hitch, plastic component designed dryers could only be operated with some reasonable safety only if the dryers were periodically disassembled and internally cleaned of hidden lint that would accumulate behind the ball-hitch drum;

d. failed to provide the public and the Plaintiff with instructions on when and how to disassemble and clean its ball-hitch, plastic component designed clothes dryers;

e. failed to report thousands of dryer fires occurring with its ball-hitch, plastic component designed dryers to the Consumer Products Safety Commission as required by the Consumer Products Safety Act; and,

f. failed to offer the public and the plaintiff an alternatively designed bulkhead designed clothes dryer when it knew that a safer dryer was available.

19. As a proximate result of the aforesaid acts and/or omissions of Defendant, Electrolux., Plaintiff's decedent, John R. Janega, sustained severe injuries resulting in his death on August 5, 2019.

20. At the time of his death, John R. Janega, left surviving him, his father, Robert L. Janega, his mother Pamela Janega and his sister, Rachel E. Janega, all of whom have suffered pecuniary losses, including loss of society, companionship, love and affection as a result of his death.

21. Robert L. Janega, as Independent Administrator of the Estate of John R. Janega, Deceased, has become obligated for certain funeral expenses pursuant to the Illinois Family Expenses Act, 750 ILCS 65/15.

WHEREFORE, Plaintiffs, Robert L. Janega and Pamela Janega, demands judgment against

6

the Defendant, Electrolux for an amount in excess of fifty thousand ($50,000.00) dollars as the trier of fact finds to be fair and adequate compensation, plus cost of this lawsuit.

### COUNT II (Products Liability-Wrongful Death) v. Electrolux

1-21. Plaintiffs, Robert L and Pamela Janega, reallege and incorporate paragraph numbers 1 through 21 of Count I, as paragraph numbers 1 through 21 of Count II, as though fully set forth, herein.

WHEREFORE, Plaintiffs, Robert L. Janega and Pamela Janega, demands judgment against the Defendant, Electrolux for an amount in excess of fifty thousand ($50,000.00) dollars as the trier of fact finds to be fair and adequate compensation, plus cost of this lawsuit.

### COUNT III (Negligence-Survival Act) v. Electrolux

1-18. Plaintiffs reallege and incorporate paragraph numbers 1 through 18 of Count I, as paragraph numbers 1 through 18 of Count III, as though fully set forth, herein.

19. As a proximate result of one or more of the aforementioned acts and/or omissions of Defendant, Electrolux, Plaintiff's decedent, John R. Janega, sustained injuries of a personal and pecuniary nature prior to his death on August 5, 2019, and had he lived, he would have been entitled to bring this action, and this action has survived him.

20. Plaintiff, Robert L. Janega, is the duly appointed Independent Administrator of the Estate of John R. Janega, Deceased, by order of the Probate Court for the Circuit Court of Cook County, Illinois, pursuant to Letters of Office issued November 5, 2020.

21. Robert L. Janega, Independent Administrator of the Estate of John R. Janega, Deceased, brings this Survival Action pursuant to 755 ILCS 5/27-6.

WHEREFORE, Plaintiffs, Robert L. Janega and Pamela Janega, demands judgment against the Defendant, Electrolux for an amount in excess of fifty thousand ($50,000.00) dollars as the trier of fact finds to be fair and adequate compensation, plus cost of this lawsuit.

## COUNT IV (Product Liability-Survival Act) v. Electrolux

1-21. Plaintiffs reallege and incorporate paragraph numbers 1 through 21 of Count III, as paragraph numbers 1 through 21 of Count IV, as though fully set forth, herein.

WHEREFORE, Plaintiffs, Robert L. Janega and Pamela Janega, demands judgment against the Defendant, Electrolux for an amount in excess of fifty thousand ($50,000.00) dollars as the trier of fact finds to be fair and adequate compensation, plus cost of this lawsuit.

## COUNT V (Property Damage) v. Electrolux

1-18. Plaintiffs reallege and incorporate paragraph numbers 1 through 18 of Count I, as paragraph numbers 1 through 18 of Count V, as though fully set forth, herein.

19. As a proximate result of one or more of the aforementioned acts and/or omissions of Defendant, Electrolux, Plaintiffs residence was damaged, it contents destroyed and their family personal items were destroyed.

WHEREFORE, Plaintiffs, Robert L. Janega and Pamela Janega, demands judgment against the Defendant, Electrolux for an amount in excess of one hundred seventy five thousand ($175,000.00) dollars as the trier of fact finds to be fair and adequate compensation, plus cost of this lawsuit.

## COUNT VI (Negligence-Wrongful Death) v. Sears, Roebuck and Co., Sears Holdings Mangement, Transform Holdco, and Transform SR

1. Plaintiffs reallege and incorporate paragraph numbers 1 through 17 of Count I, as paragraph numbers 1 through 17 of Count VI, as though fully set forth, herein.

18. On and prior to August 5, 2019 and at all relevant times, Defendant, Sears, Roebuck and Co. (hereafter: "Sears") was a foreign corporation licensed by the Illinois Secretary of State to conduct business in Illinois and with its principal place of business in Illinois.

19. On and prior to August 5, 2019 and at all relevant times, Defendant, Sears did conduct business in Illinois.

20. On and prior to August 5, 2019 and at all relevant times, Defendant, Sears was in the business of, *inter alia*, selling home appliances, including clothes dryers.

21. On and prior to August 5, 2019, Sears Holdings Management Corporation (hereafter: "Sears Holdings") was a foreign corporation licensed by the Illinois Secretary of State to conduct business in Illinois.

22. On and prior to August 5, 2019, Sears Holdings did conduct business in Illinois.

23. On and prior to August 5, 2019, Sears Holdings was the managing parent company of Sears.

24. On and prior to August 5, 2019 Sears and/or Sears Holdings operated a store under the assumed name of The Great Indoors.

25. In 2008, Sears and/or Sears Holdings, at its The Great Indoors store, sold the subject Electrolux clothes dryer, which is at issue in this action, with the aforementioned defective and unreasonably dangerous conditions.

26. Notwithstanding their duties, Defendant, Sears and Sears Holdings were guilty of the following acts and/or omissions:

    a. sold and distributed the ball-hitch, plastic component clothes dryers which they knew were unreasonably dangerous for normal use because they had a propensity to ignite and spread smoke and fire outside of their dryer cabinets;

    b. failed to warn the public and the Plaintiffs that the ball-hitch, plastic component designed clothes dryers were unreasonably safe for normal use because they had a propensity to ignite and spread smoke and fire outside of their dryer cabinets;

    c. failed to inform the public and the Plaintiff, that the ball-hitch, plastic component designed dryers could only be operated with some reasonable safety only if the dryers were periodically disassembled and internally cleaned of hidden lint that would accumulate behind the ball-hitch drum;

    d. failed to provide the public and the Plaintiff with instructions on when and how to disassemble and clean the ball-hitch, plastic component designed clothes dryers;

    e. failed to offer the public and the plaintiff an alternatively designed bulkhead designed clothes dryer when they knew that a safer dryer was available.

27. As a proximate result of the aforesaid acts and/or omissions of Defendants, Sears and Sears Holdings, and each of them, Plaintiff's decedent, John R. Janega, sustained severe injuries resulting in his death on August 5, 2019.

28. At the time of his death, John R. Janega left surviving him, his father, Robert L. Janega, his mother, Pamela Janega, and his sister, Rachel E. Janega, all of whom have suffered pecuniary losses, including loss of society, companionship, love and affection as a result of his death.

29. Robert L. Janega, as Independent Administrator of the Estate of John R. Janega, Deceased, has become obligated for certain funeral expenses pursuant to the Illinois Family Expenses Act, 750 ILCS 65/15.

30. Defendant, Transform Holdco LLC (hereafter: "Transform Holdco"), is a Delaware limited liability corporation with its principal place of business in Illinois.

31. Defendant, Transform SR Brands LLC (hereafter: "Transform SR"), is a foreign limited liability corporation licensed by the Illinois Secretary of State to conduct business in Illinois.

32. On and prior to August 5, 2019, Transform SR did conduct business in Illinois.

33. By virtue of certain transactions in furtherance of the Chapter 11 reorganization plan of Defendants, Sears and Sears Holdings Corporation, Defendants, Transform Holdco and/or Transform SR may be or will become successors in interest to Sears with respect to the claims asserted herein.

WHEREFORE, Plaintiffs, Robert L. Janega and Pamela Janega, demands judgment against the Defendants, Sears, Roebuck and Co., Sears Holdings Management Corporation, Transform Holdco, LLC and Transform SR Brands LLC, and each of them, for an amount in excess of fifty thousand ($50,000.00) dollars as the trier of fact finds to be fair and adequate compensation, plus cost of this lawsuit.

## COUNT VII (Products Liability-Wrongful Death) v.
## Sears, Sears Holdings, Transform Holdco, and Transform SR

1-33.   Plaintiffs reallege and incorporate paragraph numbers 1 through 33 of Count VI, as paragraph numbers 1 through 33 of Count VII, as though fully set forth, herein.

WHEREFORE, Plaintiffs, Robert L. Janega and Pamela Janega, demands judgment against the Defendants, Sears, Roebuck and Co., Sears Holdings Management Corporation, Transform Holdco, LLC and Transform SR Brands LLC, and each of them, for an amount in excess of fifty thousand ($50,000.00) dollars as the trier of fact finds to be fair and adequate compensation, plus cost of this lawsuit.

## COUNT VIII (Negligence-Survival Act) v.
## Sears, Sears Holdings, Transform Holdco, and Transform SR

1-33.   Plaintiffs, reallege and incorporate paragraph numbers 1 through 33 of Count VI, as paragraph numbers 1 through 33 of Count VIII, as though fully set forth, herein.

34.   As a proximate result of one or more of the aforementioned acts and/or omissions of Defendants, Sears, Sears Holdings, Transform Holdco and Transform SR, Plaintiff's decedent, John R. Janega, sustained injuries of a personal and pecuniary nature prior to his death on August 5, 2019, and had he lived, he would have been entitled to bring this action, and this action has survived him.

35.   Plaintiff, Robert L. Janega, is the duly appointed Independent Administrator of the Estate of John R. Janega, Deceased, by order of the Probate Court for the Circuit Court of Cook County, Illinois, pursuant to Letters of Office issued November 5, 2020.

36.   Robert L. Janega, Independent Administrator of the Estate of John R. Janega, Deceased, brings this Survival Action pursuant to 755 ILCS 5/27-6.

WHEREFORE, Plaintiffs, Robert L. Janega and Pamela Janega, demands judgment against the Defendants, Sears, Roebuck and Co., Sears Holdings Management Corporation, Transform Holdco, LLC and Transform SR Brands LLC, and each of them, for an amount in excess of fifty

thousand ($50,000.00) dollars as the trier of fact finds to be fair and adequate compensation, plus cost of this lawsuit.

### COUNT IX (Product Liability-Survival Act) v. Sears, Sears Holdings, Transform Holdco, and Transform SR

1-36. Plaintiffs, reallege and incorporate paragraph numbers 1 through 36 of Count VIII, as paragraph numbers 1 through 36 of Count IX, as though fully set forth, herein.

WHEREFORE, Plaintiffs, Robert L. Janega and Pamela Janega, demands judgment against the Defendants, Sears, Roebuck and Co., Sears Holdings Management Corporation, Transform Holdco, LLC and Transform SR Brands LLC, and each of them, for an amount in excess of fifty thousand ($50,000.00) dollars as the trier of fact finds to be fair and adequate compensation, plus cost of this lawsuit.

### COUNT X (Property Damage) v. Sears, Sears Holdings, Transform Holdco, and Transform SR

1-33. Plaintiffs, reallege and incorporate paragraph numbers 1 through 33 of Count VI, as paragraph numbers 1 through 33 of Count X, as though fully set forth, herein.

34. As a proximate result of one or more of the aforementioned acts and/or omissions of the Defendants, Sears, Sears Holdings, Transform Holdco and Transform SR, Plaintiffs residence was damaged, it contents destroyed and their family personal items were destroyed.

WHEREFORE, Plaintiffs, Robert L. Janega and Pamela Janega, demands judgment against the Defendants, Sears, Roebuck and Co., Sears Holdings Management Corporation, Transform Holdco, LLC and Transform SR Brands LLC, and each of them, for an amount in excess of one hundred seventy five thousand ($175,000.00) dollars as the trier of fact finds to be fair and adequate compensation, plus cost of this lawsuit.

FILED DATE: 6/16/2021 4:38 PM 2021L006219

Respectfully submitted,

LAW OFFICES OF MARK V. FERRANTE

By: *[signature: Mark Ferrante]*
Mark V. Ferrante

CLAUSEN MILLER, P.C.

By: *[signature]*
W. Gregory Aimonette

-and-

Raymond Mack*
Patrick Hughes*
de LUCA LEVINE, L.L.P.

*[Illinois and Circuit Court of Cook County court admission are subject to a *Pro Hac Vice* motion]

MARK V. FERRANTE
LAW OFFICES OF MARK V. FERRANTE
221 North La Salle Street
Suite 1500
Chicago, Illinois 60601
312-578-0303
Facsimile: 312-578-9707
Email: MVF@FerranteLaw.com
Attorney No: 15175

W. GREGORY AIMONETTE (Illinois ARDC #6244316)
CLAUSEN MILLER, P.C. (Cook Co. #90181)
10 South LaSalle Street
Chicago, Illinois 60603
312-855-1010
Facsimile: 312-606-7777
Email: waimonette@clausen.com

RAYMOND E. MACK*
PATRICK HUGHES*
de LUCA LEVINE LLC
Three Valley Square, Suite 220
Blue Bell, Pennsylvania, 19422
215-383-0081
Email: rmack@delucalevine.com

13