# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROBERT JANEGA, Individually, and as Administrator of the ESTATE OF JOHN R. JANEGA, Deceased, and PAMELA JANEGA, | |
| Plaintiffs, | |
| v. | |
| ELECTROLUX HOME PRODUCTS, INC., a foreign corporation; SEARS, ROEBUCK AND CO., a corporation; SEARS HOLDING MANAGEMENT CORPORATION, a foreign corporation; TRANSFORM HOLDCO LLC, a Delaware corporation; and TRANSFORM SR BRANDS LLC, a foreign corporation, | Case No. 21-cv-03998<br><br>The Honorable Judge Manish S. Shah |
| Defendants. | |

_____

| | |
|---|---|
| DIANA M. ARNEY, | |
| Plaintiff, | |
| v. | |
| ELECTROLUX HOME PRODUCTS, INC, TRANSFORM SR BRANDS LLC, Individually and d/b/a SEARS, and SEARS, ROEBUCK AND CO., | Case No. 21-cv-05750<br><br>The Honorable Judge John F. Kness |
| Defendants. | |

## PLAINTIFF DIANA ARNEY'S MOTION TO RE-ASSIGN RELATED CASE PER LOCAL RULE 40.4

Plaintiff Diana Arney ("Arney"), through her attorneys Michael Murphy Tannen of Tannen Law Group P.C., hereby tenders her motion to re-assign this case to the court calendar of the Honorable Judge Manish S. Shah because it is related to Case No. 21 CV 3998, captioned as "*Robert L. Janega, Individually and as Administrator of the Estate John R. Janega, Deceased v.*

*Electrolux Home Products Inc., et al.*" ("the Janegas' Suit"). This motion is brought pursuant to Northern District of Illinois Local Rule 40.4. In support of this motion, Arney states as follows:

### Introduction

1.       In the last ninety days, Defendant Electrolux Home Products, Inc. ("Electrolux") has filed two  petitions for removal, transferring  two similar products liability cases—this case and the Janegas' Suit—with similar theories of liability relating to two dryers manufactured in the same year. Not only are the facts and law similar in both removed cases, Electrolux has articulated identical arguments for removal:  the claimed fraudulent joinder of Transform SR Brands LLC (hereinafter referred to as "Transform" or "New Sears"). As will be discussed below, Transform bought Old Sears's assets at a bankruptcy sale. Electrolux asserts that the asset sale extinguished Arney's tort claim  against New Sears,  that precise issue is being currently litigated in bankruptcy court and has not been concluded.

2.       Despite the common issues of fact and law in both cases and despite the identical claimed grounds for removal in both cases, Electrolux failed to designate this case and the Janegas' Suit as "related" in its Civil Cover Sheet, attached as **Exhibit A (Doc. 2)**.

3.       Through this motion, Arney seeks to have this case re-assigned with the Janegas' Suit, a related case per Northern District of Illinois Local Rule 40.4.

4.       Arney's counsel has conferred with counsel for Electrolux about its position on this motion to re-assign. Electrolux requests 21 days to file a response in opposition (November 19); Arney will take 14 days to reply (December 3), given the Thanksgiving holiday.   It is possible that Electrolux will consent to re-assignment. If so, the parties will advise this Court.

**Procedural History— Arney's Case, Here and in New York**

5.       On January 7, 2020, a dryer in Arney's  home started on fire and burnt down her house and severely injured her.  The dryer was manufactured by Electrolux, bore Sears's iconic Kenmore label, and was sold by Sears in 2008.

6.       As a result of the fire, Arney suffered extreme respiratory distress, prolonged hospitalizations, and in-patient care at skilled nursing facilities.  Arney's medical bills alone exceed $900,000.00.

7.       On November 19, 2020, Arney filed suit in the Circuit Court of Cook County, alleging that Sears's Kenmore dryer, manufactured by Electrolux, was unreasonably dangerous. Among other things, Arney alleged in her complaint that lint could accumulate in the dryer's unseen nooks and crannies and ignite in the dryer's combustible plastic air duct.  Electrolux utilized the so-called ball hitch design in this dryer as well as millions of others.  Arney also alleged that Electrolux failed to adequately warn intended users about the dangers posed by accumulated lint and failed to provide users with adequate maintenance instructions.  Arney's state court complaint is attached as **Exhibit B.**

8.       In her state court complaint, Arney had also named as a defendant New Sears.  New Sears had purchased the assets of Old Sears in a Rule 363 asset sale.  That asset sale was approved by the bankruptcy court in February 2019.  Old Sears had filed for Chapter 11 bankruptcy protection in October 2018.

9.       On or about May 19, 2021, New Sears filed a motion in Arney's state court case to dismiss the counts against it on the grounds that the bankruptcy court's order approving the Rule 363 asset sale from Old Sears to New Sears extinguished Arney's tort claims and insulated New Sears from successor liability.

10.     In June 2021, in response to New Sears's motion to dismiss, Arney filed a motion to conduct discovery on successor liability theories against New Sears.  The motion to conduct successor liability discovery was granted by the state court.  (The motion and order are attached as **Exhibit C.**)

11.     In July 2021, New Sears then filed a motion in Old Sears's bankruptcy case, pending in the bankruptcy court for the Southern District of New York, to enforce the asset sales order against Arney and to rule that her claims against New Sears were extinguished.[1]

12.     Arney was then compelled to retain Michael Tannen as her bankruptcy counsel to oppose New Sears's motion to enforce the sales order in New York.

13.     Arney filed a response to New Sears's motion to enforce, New Sears filed a reply, and the bankruptcy court conducted a hearing on September 26, 2021.

14.     In its removal petition, Electrolux asserts that resolution of New Sears's motion to enforce the sales order against Arney is a *fait d'accompli*, so much so that this Court can conclude that New Sears was fraudulently joined.  This is untrue.

15.     The bankruptcy court has allowed Arney to conduct discovery on whether Arney was accorded due process in the bankruptcy proceedings before Old Sears and New Sears sought to extinguish her rights through the sale order.  (She received only publication notice, not actual notice.)  Resolution of this issue involves whether Old Sears knew or reasonably should have known about dryer fire litigation and the type of claims which would have required Old Sears to actually notify Arney of the filing of bankruptcy, the deadline for filing a proof of claim, and the motion to approve the sale of assets by Old Sears to New Sears.

---

[1] Arney had agreed to stay successor liability discovery against New Sears

16.     In addition, Arney is contesting New Sears' assertion that she had a sufficient "pre-petition relationship" with Old Sears such that her claims would have been encompassed by and extinguished by order approving the asset sale.  Discovery will be needed to resolve this issue as well.

17.     On October 26, Arney appeared in the bankruptcy court in New York on her motion that the bankruptcy court take judicial notice of dryer fire litigation involving dryers like the one in Arney's home:  manufactured by Electrolux with a ball hitch design.  (The motion is attached, *sans* exhibits, as **Exhibit D**.)   Arney's motion was granted.

18.     On October 26, the bankruptcy court was also advised about the status of New Sears's pending motion to enforce Arney's aforementioned defenses thereto, and the status of discovery.

19.     On October 27,  Electrolux filed its notice of removal of Arney's state court case to the United  States District Court for the Northern District of Illinois.  (Doc. 1.)  Electrolux argues in part that New Sears was fraudulently joined by Arney and its citizenship should be ignored for purposes of diversity.  *Id.*  Electrolux contends that the bankruptcy court in New York has already ruled that New Sears cannot be held liable for successor liability.  *Id.*

20.     As of today, October 29, New Sears is still a defendant in Arney's state court case, removed for now to this Court.

21.     As of today, October 29, the bankruptcy court in New York has not conclusively ruled on New Sears's motion to enforce the asset sales order against Arney.  Discovery and motion practice on the motion to enforce are ongoing.

22.     As of today, Arney's successor liability discovery against New Sears in her tort suit is stayed.

**Procedural History—Janega's Suit**

23.     James Janega was killed in a dryer fire which occurred in his parents' house on or about August 5, 2019.   The dryer in the Janegas' home was also manufactured by Electrolux  and also was of the ball hitch design.

24.     Electrolux manufactured the ball hitch dryer in the Janegas' home in 2008, the same year it manufactured the dryer in Arney's home.

25.     The Janegas filed their wrongful death lawsuit in Cook County on June 2021.  That complaint is attached as **Exhibit E**.

26.     Electrolux filed its notice of removal of the Janegas' Suit to this Court on July 28, 2021.  (Doc. 1.)  Electrolux based its removal of Janegas' Suit in part on New Sears's motion to enforce filed against Arney.  (Doc. 1. and  Exhibit D thereto.).  Indeed, Electrolux argued that the existence of the motion to enforce and the language in the sales order were enough to establish that New Sears was fraudulently joined.

27.     Electrolux  and the Janegas have filed briefs in support of and in opposition to Electrolux's removal of Janegas' case. The Janegas seek remand of their suit back to state court. (Doc. Nos. 12, 15-18)

28.     As of today, October 29, this Court has not ruled on the propriety or validity of Electrolux's removal petition in Janegas' Suit.[2]

29.     As of today, October 29, New Sears has not filed a motion in the bankruptcy court to enforce the Rule 363 asset sales order against the Janegas.

---

[2] Arney has brought this motion to re-assign with all deliberate speed: Arney learned about the remand of Arney's suit to this court in the afternoon of October 27; her undersigned counsel filed his appearance on October 28; and this motion to re-assign was filed on October 29. Arney filed this motion speedily, before this Court has issued its ruling on Electrolux's removal petition in the Janegas' Suit.

### Local Rule 40.4 Warrants Re-Assignment of
### Related Cases to Pend Before  Judge Manish Shah

30.     Northern District of Illinois Local Rule 40.4 governs re-assignment of cases as related. In pertinent part, 40.4(a) states that two civil cases must meet the one or more of the following criteria to be considered related: (i) the cases involve the same property; (ii) the cases involve the same issues of fact or law; (iii) the cases grow out of the same transaction or occurrence; or (iv) in class action suits, one or more of the classes involved in the cases is or are the same. N.D. Ill. LR40.4(a).

31.     Further, Local Rule 40.4(b) allows a case to be re-assigned to another judge's calendar if it is found to be related (under 40.4(a)) to an earlier filed case before that judge, and the following criteria is met: (i) both cases are pending in [the Northern District]; (ii) the handling of both cases by the same judge is likely to result in substantial saving of judicial time and effort; (iii) the earlier case has not progressed to the point where designating a later-filed case as related would be likely to delay the proceedings in the earlier case substantially; and (iv) the cases are susceptible of disposition in a single proceeding. N.D. Ill. LR 40.4(b).

32.     Arney plans to contest Electrolux's removal of her state court suit to this Court. Her filing of a Rule 40.4 motion to re-assign does not waive her right to attack removal.  *See, Beard v. Lehman Bros. Holdings, Inc.*, 458 F.Supp.2d 1314, 1323 (M.D.Ala. 2006) citing *Fellhauer v. City of Geneva*, 673 F.Supp. 1445, 1448 (N.D.Ill. 1987)(filing motion to re-assign related cases did not waive plaintiff's efforts to seek remand back to state court).

33.     Arney satisfies every applicable factor for re-assignment of related cases:

- The underlying products liability and negligence suits filed by Arney and the Janegas involve similar legal and factual issues.  Both suits involve ball hitch dryers manufactured by Electrolux in 2008.  Both suits contain similar allegations of design defects and failure to warn.

7

- Notably, Electrolux's basis for removal of Arney's and the Janegas' suits are identical: the claimed fraudulent joinder of New Sears. As stated in their removal papers in the Janegas' suit, Electrolux relied upon and attached New Sears's motion to enforce against Arney.

- Re-assignment of Arney's case to pend before Judge Shah, where the Janegas' Suit is already pending, will result in substantial saving of judicial time and effort. The legal issues implicated by both of Electrolux's nearly identical removal petitions are complex.[3] Judge Shah has already received briefs from Electrolux and the Janegas about fraudulent joinder and the claimed impact of the Rule 363 sales order of the bankruptcy court. This Court has not heard from Arney who is waging that fight in bankruptcy court in New York.

- The Janegas' Suit has not progressed to the point where designating a later-filed case as related would be likely to delay the proceedings in the earlier case substantially. This Court has not yet ruled on Electrolux's removal petition in the Janegas' Suit. Arney submits that this Court needs to hear from Arney. She is the one who is currently opposing in New York bankruptcy court New Sears's pending and unresolved motion to enforce the sales order. That motion to enforce is the main pillar of Electrolux's removal petitions in this case and in the Janegas' Suit.

- Finally, resolution of Electrolux's virtually identical removal petitions can be readily resolved in a single proceeding. On the other hand, denying Arney's motion to re-assign could lead to inconsistent rulings by two judges on identical legal issues.

WHEREFORE, for the foregoing reasons, Plaintiff Diana Arney requests, that this Court re-assign this case to the court calendar of the Honorable Judge Manish S. Shah because it is related to Case No. 21-cv-3998, captioned as "*Robert L. Janega, Individually and as Administrator of the Estate John R. Janega, Deceased v. Electrolux Home Products Inc., et al.*" Plaintiff has attached hereto as **Exhibit G** a proposed briefing schedule on this motion as set forth in Paragraph no. 4 above.

---

[3] Arney's was injured and filed suit in Illinois state court in 2020, after Old Sears had filed for bankruptcy in 2018; after the deadline passed for the filing of proof of claims; and after the bankruptcy court approved the Rule 363 asset sale to Transform in February 2019. In short, New Sears claims—and Electrolux declares in its removal papers-- Arney's common law products liability and negligence claims were extinguished before she was seriously injured and before she even knew she had a claim. The rights in bankruptcy of future tort claimants like Arney and the Janegas have been the subject of much jurisprudence in courts in Illinois and New York. (To illustrate this point, Arney has attached her response to New Sears's motion to enforce as **Exhibit F.)**

Dated: October 29, 2021

Respectfully Submitted,

TANNEN LAW GROUP, P.C.

/s/ *Michael Murphy Tannen*

Attorneys for Plaintiff Diana Arney

Michael M. Tannen (#6204635)
*mtannen@tannenlaw.com*
Timothy R. Meloy (#6325769)
*tmeloy@tannenlaw.com*
Tannen Law Group, P.C.
77 W. Washington Street, Suite 500
Chicago, IL 60602
312.641.6650